UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KERRY B. HOLLEY,

        Plaintiff,

v.

JASON DESJARDEN,

        Defendant.
_____/

Case No. 1:25-cv-242

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. (ECF No. 2.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's official capacity claims against Defendant for failure to state a claim. Plaintiff's personal capacity First Amendment retaliation and Eighth Amendment excessive force and sexual assault claims against Defendant remain in the case.

**Discussion**

I. **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues MTU Corrections Officer Jason Desjarden in his official and personal capacities. (Compl., ECF No. 1, PageID.2.)

Plaintiff alleges that as of June 18, 2024, he was enrolled in the Calvin University Prison Initiative. (*Id.*, PageID.7.) On that date, Plaintiff was attending class when he "proceeded to the lavatory to urinate." (*Id.*) After exiting the lavatory, Plaintiff was "accosted" by Defendant and another MDOC employee. (*Id.*) Plaintiff alleges that Defendant "excoriated [him] for his use of the lavatory." (*Id.*) That same day, Plaintiff submitted a grievance regarding Defendant's conduct. (*Id.*)

The next day, Plaintiff was seated at a table in the dining hall during breakfast when Defendant approached and said, "Hey, asshole, get up, you're throwing all that shit away. I wouldn't be doing this if you would've just let that bathroom shit go, and you better let it go." (*Id.*) "Defendant then ordered Plaintiff to stand, deposit his breakfast meal into the trash receptacle, and leave the dining area." (*Id.*) Plaintiff complied, and while he was walking towards the dining hall's exit, Defendant "approached him from the rear, violently grabbed and knotted his shirt, and pulled him backwards." (*Id.*) Plaintiff contends that the force "was so excessive that it aggravated Plaintiff's spinal injury and caused him searing pain." (*Id.*) Plaintiff "assumed the patdown posture," and Defendant then "shoved his hands into Plaintiff's rear pants pockets." (*Id.*, PageID.8.) Plaintiff alleges that Defendant then gripped and fondled Plaintiff's buttocks while whispering in his ear, "yea, u[h]-huh, take that." (*Id.*) Later that day, Plaintiff submitted a grievance and "requested urgent mental health intervention." (*Id.*)

2

On July 9, 2024, Plaintiff submitted a complaint regarding Defendant's conduct to the Michigan State Police. (*Id.*) On July 16, 2024, while "en route to the schoolhouse, Defendant stared [Plaintiff] down and laughed at him in a scornful manner." (*Id.*) Plaintiff was interviewed regarding his June 19, 2024, grievance on July 23, 2024. (*Id.*) On August 20, 2024, Plaintiff met with MTU's inspector, who told Plaintiff that the investigation was complete and that there was insufficient evidence "to substantiate his allegations against Defendant." (*Id.*)

On October 25, 2024, Plaintiff received treatment for his back in the form of an injection of pain medication "as a result of Defendant's assault upon his person." (*Id.*) Plaintiff avers that the treatment provided "little relief." (*Id.*) On November 8, 2024, Plaintiff "underwent a more invasive procedure wherein two types of pain-relief medications were injected into his sacroiliac joint." (*Id.*)

Based upon the foregoing, Plaintiff asserts a First Amendment retaliation claim, as well as Eighth Amendment excessive force and sexual assault claims. (*Id.* PageID.8–11.) Plaintiff seeks compensatory and punitive damages. (*Id.*, PageID.12.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Official Capacity Claims

As noted above, Plaintiff has sued Defendant in both his official and personal capacities. A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has

not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff seeks monetary damages. (Compl., ECF No. 1, PageID.12.) However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. Therefore, Plaintiff has failed to state a claim against Defendant in his official capacity upon which relief can be granted, and Plaintiff's official capacity claims against Defendant will be dismissed for failure to state a claim.

### B.   Personal Capacity Claims

As set forth above, Plaintiff asserts a First Amendment retaliation claim, as well as Eighth Amendment excessive force and sexual assault claims against Defendant. In light of Plaintiff's allegations, the Court will not dismiss Plaintiff's personal capacity claims against Defendant on initial review.

### Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. (ECF No. 2.) Moreover, having conducted the review required by the PLRA, the Court will dismiss Plaintiff's official capacity claims against Defendant for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's personal capacity First Amendment retaliation and

Eighth Amendment excessive force and sexual assault claims against Defendant remain in the case.

An order consistent with this opinion will be entered.

Dated:   March 18, 2025                                /s/ Paul L. Maloney
                                                                                Paul L. Maloney
                                                                                United States District Judge